### 72691. FITCH v. GENERAL MOTORS ACCEPTANCE CORPORATION.
(351 SE2d 215)

BEASLEY, Judge.

Fitch appeals from the judgment against him following a bench trial in an action to recover a deficiency resulting from the repossession of an automobile purchased by Fitch.

Fitch complains that the trial court erred in finding that plaintiff GMAC had properly calculated the pro rata rebate of unearned finance charges due him on the three-year contract. He asserts that the calculation violated OCGA § 10-1-33 so that the penalty provisions of OCGA § 10-1-38 barred recovery by GMAC of the finance charge, delinquency and collection charges.

GMAC maintains that properly "the pro rata rebate of unearned finance charges of $1,549.57 credited to [Fitch] was arrived at by determining the number of unmatured monthly installments remaining under the contract as of acceleration (31) and multiplying by the aggregate of the total finance charge to be paid under the contract divided by the 36 monthly payments to be made." More specifically, it asserts that the pro rata rebate was calculated in the following manner: "The contract was executed April 19, 1985, with the first payment due May 19, 1985. The payment default occurred June 19, 1985, at which time the gross contract balance was $5,637.45. Appellee did not accelerate the balance until August 21, 1985 when Appellant failed to redeem the vehicle by paying the past due installments. The date of acceleration, August 21, 1985, came after the August installment had matured. The number of unmatured monthly installments was thirty-one (31) out of the thirty-six (36) installments to be paid under the contract and resulted in the following calculation of the rebate:

| | |
|---|---|
| $1,799.52 | Total finance charges due on contract |
| 49.986 | Pro rata interest per installment ($1,799.52 divided by 36) |
| $1,549.57 | Number of unmatured installments times pro rata interest per installment (31 x 49.986)." |

The evidence was supportive.

Fitch argues that the rebate on the monthly installment contract must be computed on a *daily* rather than a *monthly* basis, that is, the total number of days in the contract proportioned to the date of acceleration. By this *daily* method, appellant derives a rebate of unearned finance charges in the amount of $1,595.81, a difference of $46.24 from the amount of $1,549.57 calculated by GMAC on the basis of the unmatured monthly installments.

To begin with, appellant has provided no authority for his proposition that a daily calculation is required by the statute. Rebate of unearned finance charges on a monthly basis is proportionate to and consistent with the terms of the contract and harmonious with provisions of the Motor Vehicle Sales Finance Act, OCGA § 10-1-30 et seq. See, e.g., OCGA §§ 10-1-33 (b); 10-1-34. Furthermore, such a method of daily rather than monthly calculation in this situation of a monthly installment contract would be pragmatically contrary to reasonable commercial practices. For example, an offer of 10/30 of a month's installment payment on the 10th of the month would not be accepted by a creditor as a timely 1/3 payment. Installments are not fractionable.

Appellant's argument, though creative, does not persuade us that the trial court erred in entering a judgment in favor of GMAC for an amount determined by the disputed monthly method of calculation. Moreover, "[i]n a bench trial the court sits as the trier of fact and his findings 'shall not be set aside unless clearly erroneous . . .' [Cit.] The 'clearly erroneous' test is the same as the 'any evidence rule.' [Cit.] Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them. [Cit.]" *Allen v. Cobb Heating &c. Co.*, 158 Ga. App. 209, 210 (279 SE2d 505) (1981).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 22, 1986 —
REHEARING DENIED NOVEMBER 13, 1986 —

*Carolyn S. Weeks*, for appellant.
*John G. McCullough, Michael D. Payne*, for appellee.